**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-50247**

_____

**SONJA CHAVEZ,**

**Plaintiff-Appellee,**

**versus**

**KOSA TELEVISION and TIM RIGGAN,**

**Defendants-Appellants.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(M-94-CV-121)**
_____

December 29, 1995

Before REAVLEY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

The principal issue in this appeal by KOSA Television and Tim Riggan is whether lack of prompt remedial action is one of the elements for this Title VII sexual harassment action brought by Sonja Chavez. Appellants claim that the district court erred by denying them judgment as a matter of law and by submitting the issue of punitive damages to the jury. We **AFFIRM**.

---

[1]     Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

- 1 -

## I.

Chavez was hired by Riggan to work as an advertising salesperson for KOSA-TV on March 25, 1991. Riggan, the head of sales, began making sexual comments, discussed *infra*, to Chavez. In early December 1992, Chavez complained to Sheryl Jonsson, the KOSA general manager, and Jonsson met with Chavez and Riggan about the complaint. After this meeting, the sexual comments stopped, but Riggan then began a campaign of beeping Chavez to check on her work, instituted new rules that were abandoned when she left, became cold and distant, and began dealing with her only through third parties. Chavez testified that the hostility increased until it became intolerable; she resigned in March 1993, approximately three months after her complaint of sexual harassment.

Chavez filed this action against KOSA and Riggan in July 1994, presenting 11 claims; one was for sexual harassment under Title VII. KOSA and Riggan's summary judgment motion was denied on the harassment claim, but was granted for the remainder.

After the close of evidence at a jury trial, KOSA and Riggan's motion for judgment as a matter of law was denied. The jury awarded Chavez $8,000 in compensatory damages and $35,000 in punitive damages. Post-judgment, KOSA and Riggan filed a renewed motion for judgment as a matter of law and a motion for a new trial; both were denied.

## II.

In relevant part, Title VII prohibits an "employer" from discriminating "against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's ... sex". 42 U.S.C. § 2000e-2(a)(1). The issues presented are whether judgment as a matter of law was appropriate because the conduct did not violate Title VII, including because of prompt remedial action, and whether punitive damages were erroneously submitted to the jury in light of the jury verdict form and insufficiency of the evidence.

A.

The well-known standard of review for a FED. R. CIV. P. 50 motion for judgment as a matter of law is found in *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir. 1969) (en banc). *Boeing* states:

> If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the [motion] is proper. On the other hand, if there is substantial evidence opposed to the [motion], that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the [motion] should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury.

411 F.2d at 374. The court must "consider all of the evidence -- not just that evidence which supports the non-mover's case -- but in the light and with all reasonable inferences most favorable to the party opposed to the motion". *Id.*

1.

The elements for this sexual harassment claim are:

> (1) That [Chavez] belongs to a protected class; (2) that she was subject to unwelcome sexual harassment; (3) that the harassment was

- 3 -

based on sex; [and] (4) that the harassment affected a "term, condition or privilege of employment"....

*Nash v. Electrospace System, Inc.*, 9 F.3d 401, 403 (5th Cir. 1993) (citing *Jones v. Flagship Int'l*, 793 F.2d 714, 719-20 (5th Cir. 1986), *cert. denied*, 479 U.S. 1065 (1987)).  The disputed fifth prong under *Nash*, 9 F.3d at 403 ("that the employer either knew or should have known of the harassment and failed to take prompt remedial action"), is discussed in part II.A.2.

Evidence in favor of Chavez includes the following:  when viewing Chavez walking down the hall, Riggan said daily, "work it, baby, work it"; when Chavez asked Riggan for assistance on a business task, he replied, "oh baby, how bad do you need me"; Riggan remarked daily on her cleavage and clothes; in cold weather Riggan remarked about Chavez having her "party hats on", apparently in reference to her nipples; several times when Riggan entered Chavez's office, he told her that he would turn off the light and put her on the desk; when Chavez requested permission to leave early one day, Riggan said, "if you show me your tits first, you can go home"; once, when Chavez called in sick, Riggan asked whether she was naked in bed; and, on one occasion, Riggan put golf hats on Chavez's breasts.  Witnesses, in addition to Chavez, testified about similar improper comments and actions by Riggan.

Chavez testified that the remarks by Riggan were continuous and permeated the work environment.  A co-worker testified that from the time Chavez began working at KOSA and until she complained of sexual harassment, Riggan seemed to enjoy upsetting Chavez, who

"would spend a lot of time in the bathroom due to physical reactions to the tension and the upset". Chavez testified that after her sexual harassment complaint, she felt that Riggan began harassing her through his daily actions toward her. Chavez testified that, because of these post-complaint actions, on a daily basis she cried, her heart raced, and she was a nervous emotional wreck.

Appellants respond that there was no "unwelcome sexual harassment", and that, other than a few offensive remarks by Riggan, as Chavez testified, she loved her work at KOSA-TV. The evidence presented in favor of appellants was that Chavez exposed her breasts to Riggan at a pool party; she acknowledged telling sexually-oriented jokes at the station; and, after the complaint of sexual harassment, Chavez was observed touching Riggan at a Christmas party and making two attempts to grab his buttocks at the station.

Chavez and a co-worker who was present at the pool party denied that Chavez showed her breasts to Riggan. And, a co-worker testified that Chavez's attempt to touch Riggan's buttocks was only a demonstration of what a former employee had done to Chavez.

In short, Riggan denied the sexual harassment incidents presented by Chavez; but, the jury obviously believed her. This is a classic case for the jury; it goes without saying that the jury, not this court, makes credibility determinations. Based on all the evidence, considered in the light most favorable to Chavez, a fair-

minded and impartial jury could have found Title VII sexual harassment.

2.

KOSA and Riggan assert that the sexual harassment claim fails because the fifth prong (respondeat superior) of **Nash** ("that the employer either knew or should have known of the harassment and failed to take prompt remedial action") was not satisfied. **Nash**, 9 F.3d at 402.

Under certain circumstances, the respondeat superior prong imposes liability on Title VII "employers" for sexual harassment by a co-worker or supervisor, persons not otherwise liable under Title VII. The salient question here is whether this prong applies; it does not, because, as discussed below, the claimed harasser was the employer.

KOSA and Riggan appear to have conceded, necessarily so, at oral argument that Riggan is an "employer" for purposes of this action. In any event, were Riggan not an employer, he could not be a defendant in this Title VII action, because as quoted earlier, Title VII only prohibits certain actions by employers. Moreover, KOSA and Riggan do not challenge the district court's ruling that this Title VII action could proceed against Riggan. 42 U.S.C. § 2000e(b) defines a Title VII "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and *any agent of such a person*" (emphasis added). And, our court gives the phrase "any agent" a liberal construction. **Garcia v. Elf Atochem North America**, 28 F.3d 446, 451 (5th Cir. 1994); **Harvey v.**

***Blake***, 913 F.2d 226, 227 (5th Cir. 1990). "`Under this liberal construction, immediate supervisors are Employers when delegated the employer's traditional rights, such as hiring and firing.'" ***Elf***, 28 F.3d at 451 (quoting ***Harvey***, 913 F.2d at 227; emphasis omitted). In sum, had Riggan not been an "employer", the action could have proceeded only against KOSA on the basis of respondeat superior. *See **Elf***, 28 F.3d at 450.

Obviously, respondeat superior is not applicable when, as here, sexual harassment is by the employer, rather than by a co-worker or supervisor. *See* 42 U.S.C. § 2000e-2(a); ***Nash***, 9 F.3d at 404 (respondeat superior liability not at issue when harasser is president of company) (citing ***Harris v. Forklift Systems, Inc.***, ___ U.S. ___, 114 S. Ct. 367 (1993)); ***Simmons v. Lyons***, 746 F.2d 265, 270 (5th Cir. 1984).[2]

B.

KOSA and Riggan contest punitive damages on two bases: the punitive damages question submitted to the jury did not contain the word "malice"; and there was insufficient evidence to support the award.

---

[2] Our court first used the five-prong test for "hostile work environment" in ***Jones v. Flagship Int'l***, 793 F.2d 714 (5th Cir. 1986), which borrowed the test from ***Henson v. City of Dundee***, 682 F.2d 897 (11th Cir. 1982). ***Henson*** stated that respondeat superior applies when "the plaintiff seeks to hold the employer responsible for the hostile environment created by the plaintiff's supervisor or co-worker", 682 F.2d at 905, and that, if the alleged harasser [Riggan] "was her employer, the City of Dundee [KOSA] would be liable for his action without the operation of respondeat superior". ***Id***. at 905 n.9.

1.

Although the jury instruction included "malice" ("You may also award punitive damages, if [Chavez] has proved that the defendants acted with malice or willfulness or with callous and reckless indifference to the rights of [Chavez]."), question number three on the jury verdict form did not ("Did the defendants intentionally, willfully, or with reckless disregard violate the rights of [Chavez]?"). But, KOSA and Riggan objected to question number three only generally; they did not object specifically to the failure to include "malice". Their counsel stated:

> My final objection, if Your Honor please, would be to Question Number 3 as submitted by the Court, and that is the question concerning punitive damages, because of the same reasons as outlined above in that the test for punitive damages, number one, has not been met by [Chavez] in this case under the evidence, and number two, the Court's charge does not meet the burden and does not place upon [Chavez] the burden that [Chavez] would have to bear in order to get punitive damages.

Restated, contrary to FED. R. CIV. P. 51, KOSA and Riggan did not state distinctly that they objected to the omission of "malice". Rule 51 states:

> No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, *stating distinctly the matter objected to and the grounds of the objection*.

(Emphasis added).

Under ***Highlands Ins. Co. v. Nat'l Union Fire Ins. Co.***, 27 F.3d 1027, 1032 (5th Cir. 1994), *cert. denied*, ___ U.S. ___, 115 S. Ct. 903 (1995), "so long as the trial judge gives counsel a fair

- 8 -

opportunity to object, we will listen to unobjected-to rulings only in those handful of cases that can meet the exacting requirements of plain error".  As stated in **Highlands**,

> [f]ew jury charges in cases of complexity will not yield "error" if pored over, long after the fact in the quiet of the library -- if such an enterprise is to be allowed.  It is not.  The reality is that most such "errors" will be washed away if the trial court is given a fair opportunity to consider them.

27 F.3d at 1032.  Due to the general nature of KOSA and Riggan's objection, the trial court was not given fair opportunity to consider the omission of "malice".  Therefore, we review only under the plain error standard:

> (1) that an error occurred; (2) that the error was plain, which means clear or obvious; (3) the plain error must affect substantial rights; and (4) not correcting the error would "seriously affect the fairness, integrity or public reputation of judicial proceedings."

**Highlands**, 27 F.3d at 1032 (citing **United States v. Olano**, 507 U.S. 725, ___, 113 S. Ct. 1770, 1779 (1993)).  Needless to say, any error in not including "malice" does not meet this strict standard.  Among other things, as discussed *infra*, the omission did not affect substantial rights.

In the alternative, even assuming, *arguendo*, that KOSA and Riggan did object sufficiently, the error was harmless.  An award of punitive damages is appropriate under 42 U.S.C. § 1981a(b)(1) if the defendant "engaged in a discriminatory practice ... with malice *or* with reckless indifference".  (Emphasis added.)  The jury found reckless indifference; the omission of "malice" did not affect the

outcome.  *See* **F.D.I.C. v. Mijalis**, 15 F.3d 1314, 1318 (5th Cir. 1994); **Bender v. Brumley**, 1 F.3d 271, 276-77 (5th Cir. 1993).

2.

KOSA and Riggan claim that there was insufficient evidence to support submission of punitive damages to the jury.  Under the above discussed **Boeing** and punitive damages standards, we conclude that the evidence was sufficient for a fair-minded juror to find that reckless indifference was present.

III.

For the foregoing reasons, the judgment is

**AFFIRMED.**